## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ex rel., and FLFMC, LLC | ) ) ) ) | No. 10-cv-00229 (AJS) |
| Plaintiffs, | ) ) | Hon. Arthur J. Schwab |
| v. | ) ) | |
| ACE HARDWARE CORPORATION | ) ) | |
| Defendant. | ) ) | DOCUMENT FILED ELECTRONICALLY |

### ACE'S MOTION FOR TRANSFER
### PURSUANT TO 28 U.S.C. § 1404

Defendant, Ace Hardware Corporation ("Ace"), respectfully moves the Court, pursuant to 28 U.S.C. §1404(a), to transfer this case to the United States District Court for the Northern District of Illinois, where an action addressing identical questions of law and fact is pending. In support of its motion, Ace submits its accompanying Memorandum In Support, including the Declarations of Kenneth A. Koranda and Paul Hemingfield, and states as follows:

1. Ace has been accused of violating the false patent marking statute, 35 U.S.C. § 292(a), by marking certain of its products with expired patent numbers. The interests of justice, however, require this case to be transferred to the Northern District of Illinois.

2. In the first place, there is no relevant connection to this district other than the sole convenience of Plaintiff's *counsel*. FLFMC, LLC ("FLFMC") itself appears to have been formed solely for the purpose of bringing this and other similar lawsuits and as a *qui tam* relator is not expected to have any discovery or testimonial burden.

3. As a consequence, *all* of the party-related information, documents and witnesses will be at Ace's headquarters in Oak Brook, Illinois, which is in the Northern District of Illinois.

4. Furthermore, Ace obtains the accused products through a private labeling agreement with Newell Rubbermaid, Inc. ("Newell") through Newell's Shur-Line business unit. Newell is the entity that actually "marks" the accused products with the expired patent number, not Ace. Accordingly, Newell will provide critical third-party information, documents and witnesses. Newell is not located in this district either.

5. Importantly, however, Newell has been sued in the Northern District of Illinois under the *same* false patent marking statute, for marking the *same* products with the *same* expired patent numbers. The Illinois court will address the virtually the exact *same* issues of law and fact. If this case is allowed to proceed, Newell runs the serious risk of inconsistent adjudications on the merits as well as a risk of double-counting the Ace-branded products as Newell products for damages purposes. Practical, jurisprudential considerations require transfer so the cases may be consolidated.

**WHEREFORE**, for all the foregoing reasons and those set forth in the accompanying memorandum, in the interests of justice Defendant, Ace Hardware Corporation respectfully moves the Court, pursuant to 28 U.S.C. §1404(a), to transfer this case to the United States District Court for the Northern District of Illinois, and to grant such other and further relief the Court deems necessary under the circumstances.

Dated:  April 16, 2010

Respectfully submitted,

/s/ Matthew T. Logue
Matthew T. Logue
Arthur H. Stroyd
DEL SOLE CAVANAUGH STROYD LLC
200 First Avenue, Suite 300
Pittsburgh, PA 15222
Tel: (412) 261-2393
Fax: (412) 261-2110

John A. Bannon (jbannon@schiffhardin.com)
Jessica K. Fender (jfender@schiffhardin.com)
SCHIFF HARDIN LLP
233 South Wacker Drive, Suite 6600
Chicago, Illinois 60606
Tel: 312-258-5500
Fax:  312-258-5600

*Counsel for Defendant*
Ace Hardware Corporation