**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel., and FLFMC, LLC | ) ) )    No. 10-cv-00229 (AJS) |
|       Plaintiffs, | ) )    Hon. Arthur J. Schwab |
|    v. | ) ) |
| ACE HARDWARE CORPORATION | ) ) |
|       Defendant. | ) )    DOCUMENT FILED ELECTRONICALLY |

**ACE'S MEMORANDUM**
**IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant, Ace Hardware Corporation ("Ace"), respectfully requests that the Court dismiss Plaintiff FLFMC, LLC's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) because FLFMC, LLC ("FLFMC") has not established Article III standing to bring this suit. In the alternative, Ace asks the Court to dismiss FLFMC's Complaint pursuant to Federal Rules of Civil Procedure 8, 9(b) and 12(b)(6) because FLFMC has failed to sufficiently state a claim for which relief can be granted.

**INTRODUCTION**

Ace has been accused of violating the false patent marking statute, 35 U.S.C. § 292(a), by marking certain of its products with expired patent numbers. Regardless of its status as a *qui tam* relator, plaintiff FLFMC is *not* excused from pleading an injury to itself, to the United States, or to the public, sufficient to establish that FLFMC has standing to seek federal jurisdiction in the first place. Indeed, FLFMC never alleges any harm or injury whatsoever. Accordingly, FLFMC has failed to establish standing and its Complaint must be dismissed.

Further, the false marking statute requires an intent to deceive the public, which is tantamount to fraud. Accordingly, the particularized pleading required by Rule 9(b) governs the Complaint in this matter. Yet, the Complaint has no particularized pleading; FLFMC makes only the bare allegation that Ace marked "for the purpose of deceiving the public." Such allegation is so sparse, merely echoing the substantive elements of the cause of action, that it does not even meet the notice pleading requirements of Rule 8, much less the stricter requirements of Rule 9(b). Accordingly, FLFMC has failed to state a claim upon which relief may be granted and its Complaint must be dismissed pursuant to Rule 12(b)(6).[1]

## BACKGROUND

### The False Patent Marking Statute

The false patent marking statute states in pertinent part:

> . . . Whoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article the word "patent" or any word or number importing the same is patented, ***for the purpose of deceiving the public*** . . . Shall be fined not more than $500 for every such offense.

35 U.S.C. § 292(a) (emphasis added). It is not enough under this statute to mark upon or affix to an "unpatented article" false patent information; such marking must be done with the specific intent of deceiving the public.

### Plaintiff FLFMC, LLC

FLFMC itself appears to have been formed solely for the purpose of bringing this and other similar lawsuits. FLFMC registered with the state on January 29, 2010—*less than a month* before filing this action. It seems clear that FLFMC's only purpose is to serve as a shell plaintiff for the filing of false marking lawsuits. *See, e.g.*, U.S. ex rel. FLFMC, LLC v. Wham-

---

[1] Simultaneously with its Motion to Dismiss, Ace is also filing a motion to transfer pursuant to 28 U.S.C. § 1404(a).

O, Inc., No. 2:10-cv-00435 (W.D. Pa. filed Apr. 1, 2010); U.S. ex rel. FLFMC, LLC v. T.F.H.

Pubs., Inc., No. 2:10-cv-00437 (W.D. Pa. filed Apr. 1, 2010); U.S. ex rel. FLFMC, LLC v.

William Bounds, Ltd., No. 2:10-cv-00420 (W.D. Pa. filed Mar. 29, 2010); U.S. ex rel. FLFMC,

LLC v. Ohio Art Co., No. 2:10-cv-00230 (W.D. Pa., filed Feb. 17, 2010); U.S. ex rel. FLFMC,

LLC v. Ebsco Indus., Inc., No. 2:10-cv-00231 (W.D. Pa. filed Feb. 17, 2010).

**The Complaint**

FLFMC does not allege that it competes with Ace or that it has suffered, will

suffer, or even could suffer any injury as a result of the alleged false marking.  Further, FLFMC

does not allege any harm that the United States could possibly suffer.  Rather, FLFMC simply

states that (i) the Ace® Trimline Edger is marked with an expired patent number; (ii) Ace

manufactures, sells, offers to sell, and/or advertises the product; and (iii) Ace "did so for the

purpose of deceiving the public."  (Compl. ¶ 13.)

## DISCUSSION

**I.     THE COMPLAINT MUST BE DISMISSED BECAUSE FLFMC HAS NOT
       ESTABLISHED ARTICLE III STANDING TO BRING THE ACTION**

Standing is an "irreducible constitutional minimum" that FLFMC must establish

prior to any determination on the merits.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61

(1992).  To show standing, FLFMC must prove three things: (i) injury in fact, which requires a

"concrete and particularized" injury that is "actual or imminent, not conjectural or hypothetical";

(ii) a causal connection between the injury and the challenged conduct, where the injury is

"fairly . . . traceable to the challenged action"; and (iii) that the injury is "likely" to be "redressed

by a favorable decision."  *Id.* (alterations, citations, and quotations omitted).  Because it failed to

allege *a single injury*—either to itself or to the government—FLFMC cannot establish any of

these prerequisites, and Fed. R. Civ. P. 12(b)(1) mandates that FLFMC's Complaint be dismissed.

Although 35 U.S.C. § 292 is a *qui tam* action—one in which a relator steps into the shoes of the government to vindicate the government's rights—this does not relieve the plaintiff from establishing standing:

> Unlike a traditional plaintiff, a *qui tam* plaintiff commonly suffers no injury himself.  However, as the Supreme Court instructs, a *qui tam* plaintiff operates as a statutory assignment of the rights of another—generally the United States—and accordingly, a *qui tam* plaintiff may proceed in vindication of those rights ***provided the assignor—i.e., the government—has itself suffered an injury in fact*** causally connected to the defendant that is likely to be redressed by the court."

*Stauffer v. Brooks Brothers, Inc.,* 615 F. Supp. 2d 248, 253-54 (S.D.N.Y. 2009) (citing *Vermont Agency of Natural Resources v. U.S. ex rel. Stevens*, 529 U.S. 765, 774 (2000)) (dismissing a § 292 case for lack of standing) (emphasis added).[2]

Accordingly, if the *qui tam* plaintiff cannot allege an injury to itself, it must plead and establish an injury in fact to the United States in order to have standing.  Section 292 confers on the plaintiff *only* "the authority to bring suit to vindicate cognizable injuries incurred on the public or the United States through violation of its provisions."  *Stauffer*, 615 F. Supp. 2d at 254. Those cognizable injuries, moreover, "would have to be an injury to [the government] or to the public stemming from fraudulent or deceptive false marking."  *Id.*

---

[2]      The *Stauffer* case is currently on appeal before the Court of Appeals for the Federal Circuit.  *See* Stauffer v. Brooks Brothers, No. 2009-1428 (Fed. Cir. filed July 7, 2009). In *Stauffer*, the court determined that "the actionable injury in fact that the government is able to assign would have to be an injury to it or to the public stemming from fraudulent or deceptive false marking."  615 F. Supp. 2d 248, 254 (S.D.N.Y. 2009).  Here, because FLFMC alleges no injury at all—much less one particularly stemming from fraudulent false marking—the court need not entirely agree with the *Stauffer* district court to find in Ace's favor.

In this case, FLFMC alleges no injury whatsoever, much less an actual, concrete, and particularized harm.   The entirety of its pleading states as follows:

> 12.    After October 22, 1974, Defendant or its agents marked upon, affixed to, or used in advertising in connection with items, including at least the Trimline® Edger, phrases referring to the 2,810,148 Patent, implying that the item was patented.

> 13.    Defendant or its agents did so for the purpose of deceiving the public.

(Compl. ¶¶ 12-13.)   Without an allegation of injury in fact (and necessarily, causation or redressability) FLFMC fails to establish an interest of the United States that is assignable to a *qui tam* plaintiff.   *See Stauffer v. Brooks Brothers, Inc.*, 615 F. Supp. 2d 248, 254 n.5 (S.D.N.Y. 2009).  Accordingly, its Complaint must be dismissed.

## II.    THE COMPLAINT MUST BE DISMISSED BECAUSE FLFMC DOES NOT PLEAD THE INTENT TO DECEIVE WITH THE REQUISITE PARTICULARITY UNDER RULE 9(B).

To state a claim under the false patent marking statute, a plaintiff must allege that the false markings were done with "the purpose of deceiving the public."  This requisite, specific intent to deceive is tantamount to fraud and, accordingly, the particularized pleading required by Rule 9(b) governs the Complaint in this matter.  *See, e.g.*, *Juniper Networks v. Shiple*y, No. C 09-0696, 2009 WL 1381873, at *4 (N.D. Cal. May 14, 2009) ("The false marking statute is a fraud-based claim, which is subject to the pleading requirements of Federal Rule of Civil Procedure 9(b)."); *Inventorprise, Inc. v. Target Corp.*, No. 09-CV-00380, 2009 WL 3644076, at *7 & n.16 (N.D.N.Y. Nov. 2, 2009) (citing *Juniper Networks* for the proposition that § 292 is a fraud-based claim, subject to Rule 9(b)).[3]

---

[3]    In other *qui tam* actions, such as those under the False Claims Act, the Third Circuit requires plaintiffs to satisfy Rule 9(b).  *U.S. ex rel. Schmidt v. Zimmer, Inc.*, 386 F.3d 235, 242 n.9 (3d Cir. 2004) ("[W]e have held that FCA claims must be pleaded with particularity in accordance with Fed. R. Civ. P. 9(b)."); *U.S. ex rel. LaCorte v. SmithKline Beecham Clinical*

Accordingly, FLFMC must "allege sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir. 2009); see also *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1418 (3d Cir. 1997) ("While state of mind may be averred generally, plaintiffs *must still allege facts* that show the court their basis for inferring that the defendants acted with 'scienter.'") (emphasis added).

That said, FLFMC "provides neither the 'information' on which it relies nor any plausible reasons for its 'belief.'" *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1330-31 (Fed. Cir. 2009). Indeed, FLFMC fails to provide a single particularized fact or basis for its claim that any alleged false marking was done with intent to deceive the public. The sole allegation in the Complaint reads in its entirety: "Defendant or its agents did so for the purpose of deceiving the public." (Compl. ¶ 13.) As such, the Complaint fails to meet the pleading requirements. *Exergen Corp*, 575 F.3d at 1326-27 ("A pleading that simply avers the substantive elements . . . without setting forth the particularized factual bases for the allegation, does not satisfy Rule 9(b)."); *see also King Automotive, Inc. v. Speedy Muffler King, Inc.*, 667 F.2d 1008, 1010-11 (CCPA 1981) ("Rule 9(b) requires that the pleadings contain explicit rather than implied expression of the circumstances constituting fraud."). Accordingly, the Complaint should be dismissed.

## III. THE COMPLAINT MUST BE DISMISSED BECAUSE FLFMC FAILS TO SATISFY EVEN THE MINIMAL PLEADING STANDARD SET FORTH IN RULE 8(A).

With respect to Section 292's requirement that Ace must have had the "purpose of deceiving the public," the Complaint states nothing beyond the bare allegation that Ace "did so

---

*Labs., Inc.*, 149 F.3d 227, 234 (3d Cir. 1998); *U.S. ex rel. Staniszewski v. Washington & Jefferson College*, No. 2:05-cv-1098, 2008 WL 2987213, at **1-2 (W.D. Pa. July 31, 2008).

for the purpose of deceiving the public." Such allegation is so sparse, merely echoing the required allegation, that it does not come close to meeting the notice pleading requirements of Rule 8. Accordingly, FLFMC's Complaint must be dismissed pursuant to Rule 12(b)(6).

Pursuant to Rule 8(a), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (citations omitted); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Both this Court and the Third Circuit have interpreted *Iqbal* to stand for the proposition that under Rule 8, "a claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendants are liable for the misconduct alleged." *Cumis Ins. Soc'y, Inc. v. Gibson*, No. 09-cv-0939, 2009 WL 3601622, at *1 (W.D. Pa. Oct. 28, 2009) (citing *Marangos v. Swett*, No. 8-4146, 2009 WL 1803264, *2 (3d Cir. June 25, 2009)). Conversely, "a court will not accept bald assertions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations." *Id.* at *2 (citations omitted).

FLFMC's Complaint is a plain example of the type of pleading that does not suffice under Rule 8. The sole statement FLFMC offers to support Ace's alleged state of mind— "Defendant or its agents did so for the purpose of deceiving the public"—is precisely the "formulaic recitation" or "[t]hreadbare recital[ ]" of an element of a cause of action that *Twombly*, *Iqbal* and this Court have proscribed. *See Iqbal*, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 545. As other courts have done, this Court should find that FLFMC's allegations fall far short of stating a cognizable claim and dismiss the Complaint for failing to properly do so. *See Brinkmeier v. Graco Children's Prods. Inc.*, No. 09-262-JJF, 2010 WL 545896, at *4 (D. Del.

Feb. 16, 2010) ("[T]he Amended Complaint, in large part, fails to sufficiently plead a required element—intent to deceive—under even the liberal pleading standards of Rule 8(a)."); *Inventorprise, Inc.*, 2009 WL 3644076, at *7 ("Plaintiff has failed to set forth sufficient facts to establish a plausible claim that, by selling the Product with a false patent number on the back of its package, [Defendant] acted with the intent to deceive the public.").

### CONCLUSION

For all the foregoing reasons, Defendant Ace Hardware Corporation respectfully requests that this Court grant its motion, and dismiss FLFMC's Complaint in its entirety with prejudice.

Dated:  April 16, 2010

Respectfully submitted,

/s/ Matthew T. Logue
Matthew T. Logue
Arthur H. Stroyd
DEL SOLE CAVANAUGH STROYD LLC
200 First Avenue, Suite 300
Pittsburgh, PA 15222
Tel: (412) 261-2393
Fax: (412) 261-2110

John A. Bannon (jbannon@schiffhardin.com)
Jessica K. Fender (jfender@schiffhardin.com)
SCHIFF HARDIN LLP
233 South Wacker Drive, Suite 6600
Chicago, Illinois 60606
Tel: 312-258-5500
Fax:  312-258-5600

*Counsel for Defendant*
Ace Hardware Corporation

CH2\8525471.3