**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel., )<br>and FLFMC, LLC )<br> )<br>Plaintiffs, )<br>v. )<br> )<br>ACE HARDWARE CORPORATION )<br> )<br>Defendant. )<br> ) | No. 10-cv-00229 (AJS)<br><br>Hon. Arthur J. Schwab<br><br>DOCUMENT FILED<br>ELECTRONICALLY |

**ACE'S REPLY BRIEF IN SUPPORT OF ITS
MOTION TO TRANSFER AND MOTION TO DISMISS**

Pursuant to permission granted by this Court, Defendant Ace Hardware Corporation ("Ace") respectfully submits this reply brief in further support of (i) its motion to transfer the case pursuant to 28 U.S.C. § 1404(a), and (ii) its motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and Rule 12(b)(6).

**DISCUSSION**

**I.    PLAINTIFF HAS FAILED TO DEMONSTRATE THAT THIS CASE SHOULD NOT BE TRANSFERRED TO THE NORTHERN DISTRICT OF ILLINOIS**

Plaintiff FLFMC, LLC ("FLFMC") has failed to offer one good reason why this case should remain in this district rather than be transferred to the far more convenient Northern District of Illinois. This is not a situation in which Ace seeks to shift the inconvenience it would otherwise bear to FLFMC. As this Court has noted, as a *qui tam* relator, FLFMC likely will have no testimonial or evidentiary burden. The sole reason for filing in the Western District of Pennsylvania is for the convenience of plaintiff's *counsel*, which should be given no deference whatsoever. *Solomon v. Continental Am. Life Ins. Co.*, 472 F.2d 1043, 1047 (3d Cir. 1973) ("the convenience of counsel is not a factor to be considered" in deciding a motion to transfer).

The reasons FLMFC does advance, moreover, do not survive scrutiny.

A.      **Ace Does Not "Advertise" The Accused Product In This District**

FLFMC does not deny that *every* relevant document, all electronic information, and every witness can or will be found in the Northern District of Illinois. Similarly, it seems to concede that all conduct relevant to the marking of the products and Ace's decision to enter a private labeling program occurred elsewhere. Instead, FLFMC now asserts—without proof— that the cause of action "arose" in this district because Ace purportedly "advertises" the accused product in Pennsylvania. Plaintiff, however, is wrong.

In the first place, displaying the accused product for sale with an expired patent marking (which is all FLFMC asserts) does not constitute the type of "advertising" that is proscribed by Section 292. *See Inventorprise, Inc*. *v*. *Target Corp*., No 09-cv-00380, 2009 WL 3644076, at *5 (S.D.N.Y. Nov. 2, 2009) ("There is also no merit to Plaintiff's contention that the mere act of offering a mis-marked product for sale in a retail store brings the matter within the purview of the 'in advertising' provision of § 292(a)."). Further, the act of selling a mismarked product does not constitute a Section 292 violation. *Id*.

Secondly, even if Ace actually advertised the accused product (which FLFMC neither asserts nor offers proof to support), no violation would occur unless there was a "nexus between the marking and an act of solicitation of the general public to purchase the [p]roduct." *Id*.; *see also Juniper Networks v*. *Shiple*y, No. C 09-0696, 2009 WL 1381873, at *4 (N.D. Cal. May 14, 2009). The "advertising" provision of Section 292 addresses "acts of broadcasting false patent information to the general public," and does not serve to "impose liability on retailers who simply sell mis-marked products." *Inventorprise, Inc*., 2009 WL 3644076, at *5.

Furthermore, FLFMC overlooks that defendant Ace is a different entity—and a different party—from the individual, independently-owned Ace stores that locally sell the

accused products. (*See* Koranda Decl. ¶ 12, attached as Ex. 1 to Ace's opening brief and Defendant's Disclosure Statement, Docket #13.) FLFMC fails to offer any proof that Ace itself has done any advertising in this district as that term is used in Section 292.

FLFMC has sued the wrong party. Here, as in *Inventorprise, Inc.*, there is no dispute that Ace played *no role* in the marking of the accused products. (Koranda Decl. ¶¶ 4-6.) Accordingly, as the *Inventorprise* court noted, any liability on the part of Ace is "mere supposition" and "speculative":

> It is mere supposition to conclude that, because Target is a sophisticated corporation, it knew that the Product was not patented and that the patent number printed on back of the package belonged to another item. It is even more speculative to conclude that, because Target supposedly had this knowledge, it offered the Product for sale in the packaging provided by Cedar Fresh with the specific intent to deceive the public.

*Inventorprise, Inc. v. Target Corp.*, No 09-cv-00380, 2009 WL 3644076, at *6 (S.D.N.Y. Nov. 2, 2009).

**B.    FLFMC's Appeal To The First-Filed Rule Is Misplaced**

FLFMC fails to address the fact that because of the pendency of the related Illinois action, without a transfer, non-party Newell runs the serious risk of inconsistent adjudications on the merits, as well as a risk of double-counting the Ace-branded products as Newell products for damages purposes. Instead, begging the question, FLFMC points to the general preference to defer to the "first-filed case." (Resp. at 8-9.)   While this case was in fact filed first, with respect to the Illinois action this case clearly is *not* "first-filed" for the purposes of that doctrine.

While the same product and same patent are involved in this case, FLFMC has sued the wrong party. Ace simply purchased the products from Newell through a private labeling program. Pursuant to that program, Newell, not Ace, has the accused products

manufactured, packages them, and marks them with the patent information. (*See* Koranda Decl. ¶¶ 4-6.) In the Illinois action, a Newell subsidiary, Irwin Industrial Tool Company, has been sued. The cases are related and involve many of the same factual and legal issues, but they are not the *same* case. Which one was filed first is simply irrelevant.

Instead, the Illinois case is the broader, more comprehensive action. Accordingly, transfer should be favored where there is a related litigation. *See Pittsburgh Logistics Sys., Inc. v. C.R. England, Inc.*, No. 09-1036, 2010 WL 170403, at *3 (W.D. Pa. Jan. 14, 2010) ("Courts generally find that ongoing related litigation in the proposed transferee forum is a significant factor in favor of transfer."); *SmithKline Beecham Corp. v. Geneva Pharms., Inc.*, No. 99-cv-2926, 2000 WL 217642, at *1 (E.D. Pa. Feb. 11, 2000) ("Relevant factors of public interest include the avoidance of the potential for inconsistent judgments and the promotion of judicial economy.").

Further, FLFMC itself notes that even where the first filed doctrine applies, exceptions are made where there are "sound reason[s] that would make it unjust or inefficient to continue the first-filed action." *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 938 (Fed. Cir. 1993). Those sound reasons include "the possibility of consolidation with related litigation, or considerations relating to the real party in interest." *Id.* Here, Newell is the "real party in interest," not Ace, and its liability is being decided in Illinois. This case should be transferred so it can be consolidated with the Illinois action.

### C. The Northern District Of Illinois Is Significantly More Convenient For Non-Party Newell Because It Has Already Been Haled Into Court In That Jurisdiction

FLFMC attempts to downplay the significant inconvenience this litigation imposes on non-party Newell by asserting that this district is just as inconvenient as the Northern District of Illinois. Once again, FLFMC is wrong.

FLFMC acknowledges that two key third-party witnesses are located within the subpoena power of the Illinois court.  What FLFMC overlooks, however, is that virtually all of Newell's relevant documents, electronic information and witnesses will be produced in Illinois because Newell has *already* been haled into court in that jurisdiction.  Accordingly, the Northern District of Illinois is far more convenient for Newell.  Combined with the clear convenience for Ace in its home forum and with the fact the FLFMC—as relator—will not be inconvenienced in any event, this case should be transferred.[1]

## II.   FLFMC'S COMPLAINT DOES NOT STATE A COGNIZABLE CLAIM FOR RELIEF

FLFMC has failed to overcome its significant pleading deficiencies: (i) its complete failure to plead any injury in fact to either itself or to the United States, and (ii) its formulaic recitation of the "intent to deceive" element supported only by mere conclusory statements.

### A.   FLFMC Is Not Entitled To A Presumption That An Injury In Fact Must Have Occurred If Section 292 Has Been Violated

FLFMC does not dispute that it has nowhere pleaded an injury to itself or to the United States.  Instead, FLFMC appears to argue that merely by asserting a violation of Section 292, it is entitled to a presumption of an injury to the United States' "sovereignty arising from violation of its laws" sufficient to satisfy Article III standing.  FLFMC's erroneous conclusion, however, is premised upon its misreading of the Supreme Court's decision in *Vermont Agency of Natural Resources v. U.S. ex rel. Stevens*, 529 U.S. 765 (2000).

---

[1]   Similarly, FLFMC's reliance on this district's adoption of Local Patent Rules is misplaced.  First, since this is not a case of patent infringement, the rules simply do not apply.  In any event, to the extent it matters at all, the Northern District of Illinois has also adopted its own Local Patent Rules.

In *Vermont Agency*, the Court examined Article III standing with respect to another *qui tam* statute, the False Claims Act. Contrary to FLFMC's assertion, the Court did not hold that a mere violation of law was sufficient to confer standing upon the United States, and in turn, upon a *qui tam* relator. Instead, the Court focused on the pleading of a "proprietary injury resulting from the alleged fraud." *See id*. at 770, 771, 773. The relevant injury assigned by the government was its "proprietary injury resulting from the alleged fraud," *not* a general "injury to its sovereignty arising from violation of its laws" as FLFMC alleges. *See id*. at 771 ("It is beyond doubt that the complaint asserts an injury to the United States—both the injury to its sovereignty arising from violation of its laws (*which suffices to support a criminal lawsuit by the Government*) and the proprietary injury resulting from the alleged fraud.") (emphasis added).

Applying *Vermont Agency*, the court in *Stauffer v. Brooks Brothers, Inc*., 615 F. Supp. 2d 248, 253-54 (S.D.N.Y. 2009), required a Section 292 relator to demonstrate a "proprietary injury" to the United States. The court determined that "the actionable injury in fact that the government is able to assign would have to be an injury to it or to the public stemming from fraudulent or deceptive false marking." *Stauffer*, 615 F. Supp. 2d at 254.

FLFMC, undisputedly, has alleged nothing of the kind. Indeed, FLFMC makes no specific allegation of injury whatsoever, much less one particularly stemming from fraudulent false marking. Accordingly, this court has an even stronger basis for concluding that FLFMC lacks standing.[2]

---

[2]    FLFMC's reliance on *Forest Group, Inc. v. Bon Tool Co*., 590 F.3d 1295 (Fed. Cir. 2009) for the proposition that injury can be presumed is inapposite. Section 292 relators are not relieved from establishing standing. In fact, the Federal Circuit in *Forest Group* did not address standing, since that plaintiff was an actual competitor who suffered an individualized harm. *See id*. at 1298-99. The court's discussion of Congress's intent in passing Section 292 did not purport to obviate the standing requirement or set forth some kind of presumption. *See id*. at 1302-03 (describing the general "[p]olicy considerations" underlying Congress's decision).

**B.    Based Upon Applicable *Pleading* Standards, The Complaint Fails To Adequately Allege "Intent To Deceive"**

FLFMC's assertion that it has met Rule 9(b)'s heightened pleading requirements ignores the absence of any allegations supporting its formulaic recitation that "Defendant or its agents did so for the purpose of deceiving the public." (Compl. ¶ 13.) Indeed, FLFMC fails to meet the basic pleading requirements of Rule 8.

Whether Rule 9(b) applies in Section 292 cases has not been decided by the Federal or Third Circuits. There are persuasive reasons for holding that it does. As the court stated in *Juniper Networks*, when a plaintiff asserts a cause of action that "sound[s] in fraud" or requires proof that the defendant acted with intent to deceive, that plaintiff must comply with Rule 9(b). *Juniper Networks v. Shiple*y, No. C 09-0696, 2009 WL 1381873, at *4 (N.D. Cal. May 14, 2009) (applying Rule 9(b) to a false marking case). Furthermore, where intent to deceive is an element of a cause of action, the Federal Circuit applies Rule 9(b). *See Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312 (Fed. Cir. 2009) (requiring inequitable conduct—which, as with Section 292, requires that the defendant act with a specific intent to deceive—to be pleaded with particularity under Rule 9(b)).[3]

FLFMC addresses the issue by confusing the evidentiary standards of *Clontech Labs. v. Invitrogen Corp.*, 406 F.3d 1347, 1352-53 (Fed. Cir. 2005), with Rule 9(b)'s pleading requirements. *Id.* ("[I]n order to establish knowledge of falsity the plaintiff must show by a preponderance of the evidence that the party accused of false marking did not have a reasonable

---

[3]       In other *qui tam* actions, such as those under the False Claims Act, the Third Circuit requires plaintiffs to satisfy Rule 9(b). *U.S. ex rel. Schmidt v. Zimmer, Inc.*, 386 F.3d 235, 242 n.9 (3d Cir. 2004) ("[W]e have held that FCA claims must be pleaded with particularity in accordance with Fed. R. Civ. P. 9(b)."); *U.S. ex rel. LaCorte v. SmithKline Beecham Clinical Labs., Inc.*, 149 F.3d 227, 234 (3d Cir. 1998); *U.S. ex rel. Staniszewski v. Washington & Jefferson College*, No. 2:05-cv-1098, 2008 WL 2987213, at **1-2 (W.D. Pa. July 31, 2008).

belief that the articles were properly marked."). Rule 9(b), on the other hand, requires specific allegations at the pleading stage. FLFMC "provides neither the 'information' on which it relies nor any plausible reasons for its 'belief.'" *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1330-31 (Fed. Cir. 2009). Indeed, FLFMC fails to provide a single particularized fact or basis for its claim that any alleged false marking was done with intent to deceive the public. The sole allegation in the Complaint reads in its entirety: "Defendant or its agents did so for the purpose of deceiving the public." (Compl. ¶ 13.)

FLFMC appears to argue that it is entitled to a presumption of Ace's knowledge and intent. To the contrary, as set forth above, such a presumption would be nothing more than "mere supposition" and "speculative." *Inventorprise, Inc. v. Target Corp.*, No 09-cv-00380, 2009 WL 3644076, at *6 (S.D.N.Y. Nov. 2, 2009) ("It is even more speculative to conclude that, because Target supposedly had this knowledge, it offered the Product for sale in the packaging provided by Cedar Fresh with the specific intent to deceive the public.").

Even if Rule 9(b) were not applied, as set forth in Ace's opening brief, the sole statement FLFMC offers to support Ace's alleged state of mind—"Defendant or its agents did so for the purpose of deceiving the public"—is precisely the "formulaic recitation" or "[t]hreadbare recital[ ]" of an element of a cause of action that *Twombly* and *Iqbal* have proscribed. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (citations omitted); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). FLFMC's recitations of evidentiary standards and pre-*Twombly* decisions do not change that result.

## CONCLUSION

For all of the foregoing reasons, Defendant Ace Hardware Corporation respectfully requests that this Court transfer the case to the Northern District of Illinois or, in the alternative, dismiss FLFMC's Complaint in its entirety with prejudice.

Dated:  May 5, 2010                          Respectfully submitted,

                                             /s/ Matthew T. Logue
                                             Matthew T. Logue
                                             Arthur H. Stroyd
                                             DEL SOLE CAVANAUGH STROYD LLC
                                             200 First Avenue, Suite 300
                                             Pittsburgh, PA 15222
                                             Tel: (412) 261-2393
                                             Fax: (412) 261-2110

                                             John A. Bannon (jbannon@schiffhardin.com)
                                             Jessica K. Fender (jfender@schiffhardin.com)
                                             SCHIFF HARDIN LLP
                                             233 South Wacker Drive, Suite 6600
                                             Chicago, Illinois 60606
                                             Tel: 312-258-5500
                                             Fax:  312-258-5600

                                             *Counsel for Defendant*
                                             Ace Hardware Corporation

CH2\8591168.2