IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA, ex rel. and
FLFMC, LLC.,
        Plaintiff,                           10cv0229
                                               **ELECTRONICALLY FILED**
    v.

ACE HARDWARE CORPORATION,
        Defendant.

### ORDER DENYING DEFENDANT'S MOTION FOR TRANSFER PURSUANT TO 28 U.S.C. § 1404 (DOC. NO. 14) AND DEFENDANT'S MOTION TO DISMISS (DOC. NO. 16)

After due consideration of defendant Ace Hardware Corporation's ("Ace") Motion to Transfer Pursuant to 28 U.S.C. § 1404 and Motion to Dismiss (Doc. Nos. 14 and 16, respectively), plaintiff United States of America, *ex relator* FLFMC, LLC's responses thereto, and the briefs and supporting materials in support and in opposition thereto, and after hearing argument on the motions on April 27, 2010, the Court will deny both motions for the following reasons.

**Motion to Transfer Pursuant to 28 U.S.C. Section 1404(a)**

Ace requests this Court transfer the action to the United States District Court for the Northern District of Illinois. Section 1404(a) provides, in relevant part: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

On a section 1404(a) motion to transfer, the "burden is on the moving party to establish that a balancing of proper interests weigh in favor of the transfer." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970); *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). Section 1404(a) transfers are discretionary determinations made for the convenience of the

parties and presuppose that the court has jurisdiction and that the case has been brought in the correct forum. *Jumara*, 55 F.3d at 878; 17A Moore's Federal Practice, § 111.02 (Matthew Bender 3d ed. 2006).

In addition to the statutory "convenience of parties and witnesses" considerations, the United States Court of Appeals for the Third Circuit has enumerated additional private and public interests that the Court may consider in deciding whether to grant a motion to transfer:

> The private interests [include]: plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses - but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of the books and records (similarly limited to the extent that the files could not be produced in the alternative forum). The public interests [include]: the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; and the familiarity of the trial judge with the applicable state law in diversity cases.

*Jumara*, 55 F.3d at 879-80 (citations and internal quotations omitted).

Ace has not met its burden of proving that a balancing of proper interests weigh in favor of the transfer. The Court considers the comparison of private interests to be a "wash," i.e., the respective conveniences and benefits of a lawsuit in the Western District of Pennsylvania or the Northern District of Illinois do not favor one party over the other. The primary inconvenience of which Ace complains concerns the perceived inconvenience to a *non-party*, Newell Rubbermaid, Inc., the entity that, according to Ace, actually "marks" the accused products with the expired patent number. Newell is a defendant in a federal action in the Northern District of Illinois involving the same products and alleged false marking. Ace has not offered any good reasons to

counter the usual judicial deference to a plaintiff's choice of forum. *Id.* at 877 ("courts normally defer to a plaintiff's choice of forum").

As to the public interests, since the dispute between the parties arises under federal law and since Ace's business and alleged false marking of products takes place in all 50 states, the Court finds no significant differences between prosecution of the lawsuit in Pennsylvania versus in Illinois.

**Motion to Dismiss**

In light of the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S.544 (2007), a complaint may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). While *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), allowed dismissal of a claim only if "no set of facts" could support it, under *Twombly* and, more recently, *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 2009 WL 1361536 (May 18, 2009), a claim for relief under Rule 12(b)(6) now "requires more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *Iqbal*, 129 S.Ct. at 1950.

In *Iqbal*, the Supreme Court held that a claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendants are liable for the misconduct alleged. *Marangos v. Swett*, 341 Fed.Appx. 752, 2009 WL 1803264, *2 (3d Cir. 2009), citing *Iqbal*, 129 S.Ct. 1937, 2009 WL 1361536, *12. The plausibility standard in *Iqbal* "asks for more than a sheer possibility that a defendant has acted unlawfully." *Swett*, quoting *Iqbal*. While well-pleaded factual content is accepted as true for purposes of whether the complaint states a

plausible claim for relief, legal conclusions couched as factual allegations or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to an assumption of truth. *Swett*, quoting *Iqbal*, at *13. "Where the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" *Iqbal*, quoting Fed. R. Civ. P. 8(a)(2). In order to satisfy the requirement of Fed. R. Civ. P. 8(a)(2) that a plaintiff include a "short and plain statement of the claim showing that the pleader is entitled to relief," a plaintiff must aver sufficient factual allegations which "nudge" its claims "across the line from conceivable to plausible." *Iqbal*, at 1951.

In considering a Rule 12(b)(6) motion, a court continues to accept all of the plaintiff's allegations as true and construes all inferences in the light most favorable to the non-moving party. *Umland v. Planco Fin. Servs.*, 542 F.3d 59, 64 (3d Cir. 2008) (citing *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)). However, a court will not accept bald assertions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *See In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 215 (3d Cir. 2002); *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 n. 8 (3d Cir. 1997). A court is not required to consider legal conclusions; rather, it should determine whether the plaintiff should be permitted to offer evidence in support of the allegations. *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir. 2000).

Therefore, a plaintiff must put forth sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. *See Wilkerson v. New Media Tech. Charter Sch., Inc.*, 522 F.3d 315 (3d Cir. 2008) (citing *Phillips*, 515 F.3d at 224). However, this standard does

not impose a heightened burden on the claimant above that already required by Rule 8, but instead calls for fair notice of the factual basis of a claim while "rais[ing] a reasonable expectation that discovery will reveal evidence of the necessary element." *Weaver v. UPMC*, Civil Action No. 08-411, 2008 U.S. Dist. LEXIS 57988, at * 7 (W.D. Pa. July 30, 2008) (citing *Phillips*, 515 F.3d at 234; and *Twombly*, 550 U.S. at 555).

Viewed in light of the forgoing liberal pleading standards, this Court finds that the allegations of the complaint, when taken as true, allows the Court to draw a reasonable inference that Ace was at least complicitous in the alleged false marking of the Trimline® Edger in violation of 35 U.S.C. § 292, a *qui tam* statute, and that the complaint, although not overly detailed, meets the standards as enunciated in *Twombly* and *Iqbal*. Moreover, it would be premature to decide Ace's standing and other issues at this early stage of the proceedings, without allowing plaintiff an opportunity to develop the record through the discovery process. Accordingly,

**AND NOW, this 7th day of May, 2010,** for the reasons set forth above, **IT IS HEREBY ORDERED** that defendant's motion to transfer (Doc. No. 14) is DENIED, and its motion to dismiss (Doc. No. 16) is DENIED without prejudice to defendant's raising the issues set forth therein in a motion for summary judgment at the appropriate time following discovery.

                                        **SO ORDERED**

                                        s/ Arthur J. Schwab
                                        Arthur J. Schwab
                                        United States District Judge

cc:    all ECF registered counsel